IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ESTER WEAVER, WALTER WEAVER, SANDRA LYNCH, MICHAEL LYNCH, JULIE PERKINS, and JUSTIN WADDINGTON,<br>　　　　*Plaintiffs*,<br><br>v.<br><br>BRENT STROMAN, CHIEF OF POLICE FOR THE WACO POLICE DEPARTMENT, IN HIS INDIVIDUAL CAPACITY; MANUEL CHAVEZ, WACO POLICE DEPARTMENT DETECTIVE, IN HIS INDIVIDUAL CAPACITY; ABELINO REYNA, ELECTED DISTRICT ATTORNEY FOR MCLENNAN COUNTY, TEXAS, IN HIS INDIVIDUAL CAPACITY; CITY OF WACO; McLENNAN COUNTY; ROBERT LANNING, IN HIS INDIVIDUAL CAPACITY; JEFFREY ROGERS, IN HIS INDIVIDUAL CAPACITY; STEVEN SCHWARTZ, IN HIS INDIVIDUAL CAPACITY; AND CHRISTOPHER FROST, IN HIS INDIVIDUAL CAPACITY.<br>　　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§      CASE NO. 1:16-cv-01195-ADA |

### ORDER ON DEFENDANT CITY OF WACO'S MOTION TO STAY TRIAL AND OTHER PROCEEDINGS

Before the Court is Defendant City of Waco's Motion to Stay the Trial and Other Proceedings (ECF No. 85), Plaintiffs' Response (ECF No. 87), and Defendant's Reply (ECF No. 90). After careful consideration of Defendant City of Waco's Motion and applicable law, the Court **GRANTS** in part and **DENIES** in part.

1

## I. BACKGROUND

### A. Factual Background

This case stems from the Twin Peaks restaurant incident on May 17, 2015. Members of the Bandidos and Cossacks Motorcycle Club, along with hundreds of other motorcycle enthusiasts, converged on the restaurant for a scheduled meeting. Tensions between the Bandidos and Cossacks erupted in a shootout that left nine dead and many injured. In the aftermath of the incident, police arrested 177 individuals on charges of Engaging in Organized Criminal Activity. The probable cause affidavit in support of the arrest warrants was the same for each of the 177 arrestees, and a justice of the peace set bond for each of the arrestees at one million dollars. Only one of the criminal cases ever went to trial (the defendant in that case is not a party to the instant action), and those proceedings ended in a mistrial. The state eventually dropped all remaining charges against the arrestees. The plaintiffs in this case state that they were either members of an independent motorcycle club or not a member of any club. The plaintiffs were arrested pursuant to the same probable cause affidavit as the other arrestees but were not brought before a grand jury.

### B. Procedural Background

Plaintiffs filed their Original Complaint for this case on November 2, 2016, (ECF No. 1), their First Amended Complaint on May 11, 2017, (ECF No. 29), and their Second and Third Amended Complaints on January 17, 2019 (ECF No. 54; 55). Plaintiffs bring this case under 42 U.S.C. § 1983. ECF No. 55. They allege that the defendants violated their Fourth and Fourteenth Amendment rights, as well as committed conspiracy to deprive Plaintiffs of their rights. ECF No.

55 at 45-52. Additionally, Plaintiffs allege municipal liability against Defendant City of Waco ("City"). *Id*. at 52.

This Court granted the first motion to stay on December 20, 2016 to allow for nearly all criminal charges relating to the Twin Peaks incident to be dismissed. ECF No. 17; 19; 25; 34; 39; 43. Because of the ongoing investigation and criminal charges, this case was stayed for two-and-a-half years until December 2018. ECF No. 53. Defendants asserted qualified immunity in their Motions to Dismiss (ECF No. 56; 57), which the Court denied in part and granted in part on September 6, 2019 (ECF No. 73). The Court's Order, denying in part and granting in part, left a *Franks* claim and related conspiracy and bystander liability claims pending against Defendants Stroman, Lanning, Reyna, Chavez, Rogers, Schwartz, and Frost; as well as Plaintiffs' *Pembaur* claims against the City as they relate to the remaining claims against Defendant Stroman. ECF No. 73 at 22. The Defendants subsequently filed an interlocutory appeal on the decision regarding qualified immunity. ECF No. 74; 84. The City filed this Motion to Stay on November 5, 2019 and asserts that it is entitled to the stay of trial and other proceedings while the individual defendants' appeals regarding qualified immunity are being decided. ECF No. 85.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26, however, provides that a party against whom discovery is being sought may seek a stay from the court where the action is pending and "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). A court's power to stay trial proceedings is inherently within the court's power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The decision to stay proceedings or not "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255. Thus, an order to stay proceedings is within a court's discretion.

### III.   DISCUSSION

The Court previously denied the individual defendants qualified immunity, which became immediately appealable. ECF No 73. As the City alleges in its motion, once an appeal is filed, "the district court is divested of its jurisdiction to proceed against that defendant." ECF No. 85 at 2 (citing *Carty v. Rodriguez*, 211 F. App'x. 292, 293 (5th Cir. 2006). The City asserts it is entitled to an order to stay all proceedings against the City pending the interlocutory appeal brought by the individual defendants, including Defendant Stroman. ECF No. 85 at 2. The City asserts that until the individual Defendants' qualified immunity is resolved that immunity extends to protect the City from discovery. *See id.* at 3. In its Reply, the City further claims that allowing discovery in a limited capacity against the City would deny the individual defendants' protection while their qualified immunity classification is being resolved. ECF No. 90 at 1. The City believes that the individuals would inevitably become involved in discovery or it would "den[y] them the opportunity to protect their interests in the litigation." *Id.* at 2. Additionally, the City states that the appellant officers would have to be given the opportunity to re-depose the witnesses after their qualified immunity is resolved. *Id.* at 2. Lastly, the City alleges that if the appellate court finds that there was no clearly established law as part of the qualified immunity analysis, the claims against the City would fail. *Id.* at 3. (citing *Bustillos v. El Paso County Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018). Plaintiffs' emphasize that this case has been pending since 2016 and another stay will prejudice plaintiffs by impacting the witnesses' ability to recall

the incident. ECF No. 87 at 4. Furthermore, Plaintiffs are willing to limit discovery to non-party fact witnesses. *Id*.

### A. *Iqbal*

The City, to support its notion that even limited discovery "punishes" the officers awaiting their interlocutory appeal, cites liberally from the Supreme Court's opinion in *Ashcroft v. Iqbal*. ECF No. 90 at 2. Specifically, the City relies on the Supreme Court's comment in *Iqbal* that "when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)). While this Court acknowledges the persuasive arguments the City advances with support from selective portions of *Iqbal*, the Court is not obligated to grant the broad reaching stay the City requests. *Iqbal* does not mandate a global stay of discovery, and district courts have interpreted the opinion as balancing the goal of protecting parties from disruptive discovery with the interest of progressing the case towards resolution. *See Saenz v. City of El Paso, Tex.*, No. EP-14-CV-244-PRM, 2015 WL 4590309, at *2 (W.D. Tex. Jan. 26, 2015); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 732 (N.D. Tex. 2014); *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *2 (N.D. Cal. June 14, 2016).

*Iqbal* does not stand for the idea that *all discovery* for *all defendants* must be stayed while waiting for resolution of qualified immunity. In *Iqbal*, the Supreme Court considered a narrow question that did not address the type of stay required when an assertion of qualified immunity is waiting to be resolved. *Saenz*, 2015 WL 4590309, at *2; *M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12CV460-JM MDD, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013). The Supreme Court, in *Iqbal*, held that a district court's order denying a motion to dismiss on the

grounds of qualified immunity was reviewable under the collateral-order doctrine. *Iqbal*, 556 U.S. at 673. The Supreme Court also held that the plaintiff's complaint did not comply with Rule 8 under *Twombly* for a complaint to contain sufficient facts for a plausible claim of relief. *Id* at 682.

While not binding, the Supreme Court emphasized its concern with protecting officials from litigation through qualified immunity. *Id*. at 685. The *Iqbal* court did not hold, nor imply, that district courts no longer have discretion to determine a stay of discovery pending claims of qualified immunity. Instead, the Supreme Court acknowledged that qualified immunity is meant to protect officials from "disruptive discovery." *Id*. at 685 (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991). Furthermore, the Supreme Court declined to "relax the pleading requirements [of Rule 8] on the ground that the Court of Appeals promises petitioners minimally intrusive discovery." *Id*. at 686. In *Crawford-El v. Britton*, the Supreme Court specifically noted that it "recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998).

As the City purports, the notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ECF No. 90 at 2 (quoting *Iqbal*, 556 U.S. at 685). Thus, courts have concluded that district courts may not continue proceedings for claims that have interlocutory appeals on qualified immunity grounds. *McFadyen v. Duke Univ.*, No. 1:07-CV-953, 2011 WL 13134315, at *2 (M.D.N.C. June 9, 2011). However, a "notice of appeal from an interlocutory order does not produce a complete divesture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564-

565 (5th Cir. 2007). Thus, if the claims are "legally distinct," the remaining claims can proceed. *Id*.

B. *Motion to Stay Considerations*

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672 (1926). Instead, a stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 434. The party requesting the stay bears the burden of showing that the circumstances justify the stay. *Id*. Clearly, while the issuance or denial of a stay is an exercise of the court's discretion, the judgment is guided by legal principles. *Id*. For a stay of proceedings, the Court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. Before issuing a stay, "[i]t is ultimately necessary . . . to balance the equities – to explore the relative harms to applicant and respondent, as well as the interests of the public at large." *Barnes v. E-Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991). This Court has discretion to tailor a stay to operate with respect to only "some portion of the proceeding." *Nken* 556 U.S. at 428. While the first two factors are the most critical, it is not enough that the chance of success on the merits be "better than negligible." *Id*. at 433 (quoting *Sofinet v. I.N.S.*, 188 F.3d 703, 707 (7th Cir. 1999). Additionally, the second factor requires a showing of more than "possibility of irreparable injury." *Id*. at 433 (quoting *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998).

1. *The City has not made a strong showing on the merits*

The first two factors do not directly relate to the applicant in this case. The City alleges it is entitled to a stay because the claim is intertwined with claims against Defendant Stroman. ECF No. 90 at 2. The City has not made a showing of whether it would succeed on the merits against it regarding municipality liability, and there is also no showing concerning Defendant Stroman's interlocutory appeal for qualified immunity. As the City purports, if the Fifth Circuit overturns this Court's decision and grants Defendant Stroman qualified immunity, Plaintiffs' *Pembaur* claim against the City necessarily fails. ECF No. 90 at 2.[1] There is no showing of the likelihood of this result.

2. *The City will not be irreparably harmed without a stay*

Additionally, the City will not suffer irreparable harm if this Court denies a stay. The City's motion is based on the harm that could result to the individual defendants while their interlocutory appeal is pending. ECF No. 85 at 2. The purpose of qualified immunity, as stated by the Supreme Court, is to "free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685 (emphasis added) (quoting *Siegert*, 500 U.S. at 236). This Court reiterates the Supreme Court's emphasis on "disruptive discovery" to stress that, in the process of resolving qualified immunity, limited discovery can be allowed. The Fifth Circuit described qualified immunity's protection as "not [to] shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Buolos v.*

---

[1] A municipality can be found liable under § 1983 only when the municipality itself causes a constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). The constitutional violation must be the result of deliberate government policy or custom. *City of Canton v. Harris*, 489 U.S. 378, 379 (1989). The *Pembaur* court recognized that municipality liability can attach, however, when the deliberate policy or custom is a single decision by the final policymaker. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). A "policymaker cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established." *Bustillos*, 891 F.3d at 222. Thus, if the Fifth Circuit finds Defendant Stroman is entitled to qualified immunity, by either establishing that there were no facts to show a constitutional violation or that the law was not clearly established at the time of the misconduct, the municipality claim against the City fails.

*Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). The City contends that even limited discovery would be disruptive because Defendant Stroman would necessarily be involved. ECF No. 85 at 3. However, Defendant Stroman and the City are represented by the same counsel. Notice of Attorney Appearance, ECF 75. If discovery is attempted beyond the extremely limited scope that this Court grants, the City and Defendant Stroman's counsel is in a position to protect their clients' interests regarding any matter currently on appeal. *See Harris*, 33 F. Supp. 3d at 733; *Mendia*, 2016 WL 3249485, at *5.

    3. *The Plaintiffs' will be substantially injured by a stay and Public Interest lies in denying in part*

The "injury to the other parties" and "public interest" factors "merge when the Government is the opposing party." *U.S. v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013) (citing *Nken*, 556 U.S. at 435). Plaintiffs are at risk of being substantially injured by the issuance of a stay. The incident that these claims revolve around occurred in May 2015, over five years ago. By the time the Fifth Circuit announces its decision regarding the interlocutory appeals, it will likely be 2021, which is six years since the incident. ECF No. 87 at 3. This amount of time could significantly impact the likelihood of witnesses to be able to recall specific details from the event. *See Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."). Qualified immunity does serve an important public interest by "helping to ensure that public officials will not have a disincentive in performing their duties based on a fear that dissatisfied persons will later impose upon them the burdens of litigation." *Torres v. Faxton St. Lukes Healthcare*, No. 6:16-CV-439, 2017 WL 11317906, at *3 (N.D.N.Y. Jan. 26, 2017) (quoting *V.S. v. Muhammad*, No. 07-CV-0213 DLI/JO, 2008 WL 5068877, at *2 (E.D.N.Y. Nov. 24, 2008).

However, "the public interest disfavors the grant of a stay where it would hinder the speedy adjudication of constitutional claims." *Id.* (quoting *Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, No. CV 11-252(AKT), 2013 WL 5762926, at *9 (E.D.N.Y. Oct. 18, 2013).

This Court recognizes that there is a possibility that Plaintiffs' claim against the City will fail, pending the decision by the Fifth Circuit on Defendant Stroman's qualified immunity. The Court concludes that the substantial harm that Plaintiffs' face from a stay along with the public interest in expediency and case resolution support a limited discovery. While qualified immunity is within the public's interest, it is not at risk in the limited scope that this Court grants for discovery. The City has not shown the likelihood of success on its merits and will not face irreparable harm from an extremely limited discovery with non-party fact witnesses.

## IV. CONCLUSION

Based on the foregoing, Defendant City of Waco's Motion to Stay the Trial and Other Proceedings, is **DENIED** so as to allow Plaintiffs to (1) conduct depositions of any person who is not an individual Defendant with an appeal pending, (2) conduct any discovery allowed under the Federal Rules with regards to the DPS Defendants, and (3) amend their Complaint should they decide to do so. Defendant City of Waco's Motion is **GRANTED** in all other respects.

**SIGNED** this 30th day of June, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE